UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| KAREN NUNEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO: 3:22-cv-2 |
| | ) |
| THE TJX COMPANIES, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. N<span>ature of the</span> C<span>ase</span>**

1. This is an action brought by Plaintiff, Karen Nunez ("Nunez"), by counsel, against Defendant, The TJX Companies, Inc., ("Defendant"), for violating the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.* and Title VII of the Civil Rights of 1964, as amended, 42 U.S.C. §2000e. *et. seq.*

**II. P<span>arties</span>**

2. Nunez is a resident of the United States, the State of Indiana, and, at all times relevant to this litigation, resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a corporation that maintains offices and conducts business in the Southern District of Indiana.

**III. J<span>urisdiction and</span> V<span>enue</span>**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 42 U.S.C. § 12117 and 42 U.S.C. §2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A) and 42 U.S.C. §2000e(b).

6. At all times relevant to this action, Nunez was an "employee" as that term is defined by 42 U.S.C. § 12111(4) and 42 U.S.C. §2000e(f).

7. Nunez exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and files this complaint within ninety (90) days of receipt of her Notice of Right to Sue.

8. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; therefore, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

9. Nunez, who is Peruvian, was hired by the Defendant in or around 2016 as a General Warehouse Associate.

10. At all times relevant, Nunez met or exceeded Defendant's legitimate performance expectations.

11. On or about November 17, 2018, Nunez suffered an injury on the job and as such, filed a worker's compensation claim. Her injury was such that she is substantially limited in the major life activity of standing. As such, Nunez is disabled as

that term is defined the ADAAA and/or Defendant regarded Nunez as disabled. Though Nunez had restrictions, she was able to perform the essential functions of her position with and/or without accommodation.

12.     Regularly, Defendant made Nunez work in contravention of her restrictions, which caused her additional pain and made it difficult to complete her job functions.

13.     During her employment, Nunez was subjected to harassment on the basis of her national origin by her American-born coworkers. Coworkers made fun of Nunez's accent and way of speaking. Further, coworkers told Nunez to "go back to her country." Further, Mark Van Orden, American Assistant Operations Manager, mocked Nunez's way of performing her job – something that was necessary due to her disability.

14.     Nunez reported this harassment to HR and to her supervisor, BJ, but the harassment continued and made it difficult for Nunez to work. The harassment, coupled with her disability, caused Nunez significant stress.

15.     Because of her disability and Defendant's failure to accommodate her restrictions, Nunez last worked for Defendant in or about August 2020.

### V.  LEGAL ALLEGATIONS

#### COUNT I – DISABILITY DISCRIMINATION

17.     Paragraphs one (1) through sixteen (16) of Nunez's Complaint are hereby incorporated.

18. Defendant violated Nunez's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* by failing to accommodate her based on her disability and subjecting her to harassment because of her disability.

19. Defendant's actions were intentional, willful and in reckless disregard of Nunez's rights as protected by the ADA.

20. Nunez has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT I: VIOLATION OF TITLE VII: NATIONAL ORIGIN

21. Paragraphs one (1) through twenty (20) of Nunez's Complaint are hereby incorporated.

22. Defendant violated Nunez's rights and discriminated against her and subjected her to harassment based on her national origin.

23. Defendant's actions were intentional, willful, and in reckless disregard of Nunez's rights as protected by Title VII of the Civil Rights Act of 1964.

24. Nunez has suffered damages as a result of Defendant's unlawful actions.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Karen Nunez, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

2. Pay Plaintiff's lost wages and benefits;

3. Pay to Plaintiff compensatory damages, damages for emotional distress and payment of uncovered medical bills and/or insurance premiums;

4. Pay to Plaintiff punitive damages;

5. Pay to Plaintiff pre- and post-judgment interest;

6. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

7. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

/s/ Lauren E. Berger
Lauren E. Berger, Atty. No. 29826-19
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: lberger@bdlegal.com

*Attorneys for Plaintiff, Karen Nunez*

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Karen Nunez, by counsel, respectfully requests a jury trial for all issues deemed triable by jury.

Respectfully submitted,

/s/ Lauren E. Berger
Lauren E. Berger, Atty. No. 29826-19
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone:   (812) 424-1000
Facsimile:    (812) 424-1005
Email:          lberger@bdlegal.com

*Attorneys for Plaintiff, Karen Nunez*